Submitted on remand from the Oregon Supreme Court October 28, 2008, remanded for resentencing; otherwise affirmed February 11, 2009

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CLOVIS DEAN POWELL,
*Defendant-Appellant.*

Lane County Circuit Court
200301146; A121819

202 P3d 903

Rebecca A. Duncan, Assistant Chief Defender, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Tiffany Keast, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

BREWER, C. J.

**BREWER, C. J.**

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Powell*, 202 Or App 219, 120 P3d 1225 (2005) (*Powell I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Powell*, 345 Or 316, 195 P3d 63 (2008). In *Powell I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed departure sentences based on the judicial finding that defendant was persistently involved in similar offenses. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that we correctly exercised our discretion in *Powell I*. Accordingly, we again remand for resentencing.

Defendant was convicted of attempting to elude a police officer (Count 1); reckless driving (Count 2); two counts of third-degree assault (Counts 3 and 4); criminal mischief; and unlawful possession of a controlled substance (Count 6). The trial court imposed durational departure sentences of 60 months' imprisonment on Counts 3, 4, and 6 based on defendant's persistent involvement in similar offenses. The court also imposed a dispositional departure sentence of six months' imprisonment on Count 1, based on defendant's persistent involvement in similar offenses.

In *State v. Ramirez*, 205 Or App 113, 123, 133 P3d 343, *adh'd to on recons*, 207 Or App 1, 139 P3d 981 (2006), *rev'd on other grounds*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), we concluded that the imposition of a departure sentence under circumstances similar to the imposition of the departure sentence in this case, that is, where the defendant stood silent during sentencing but had not explicitly waived his or her rights to a jury trial on at least one of the charged offenses, constituted plain error. Although the Supreme Court reversed our decision in *Ramirez* on the ground that we did not properly exercise our discretion in determining whether

to correct the error, the court did not disturb our conclusion that the error was plain. The state urges us to reconsider that conclusion. However, we decline to do so.

The question remains whether we should exercise our discretion to correct the error in this case. The state argues that we should decline to exercise our discretion because there is "no legitimate debate" that a jury would have found the departure factor relied upon by the trial court. *Cf. Ramirez*, 343 Or at 513 (if there is no legitimate debate about the existence of a sentence enhancement fact, the defendant's interest in a second sentencing hearing is minimal).

The trial court imposed durational departure sentences on Counts 3, 4, and 6, and a dispositional departure sentence on Count 1, based on defendant's persistent involvement in similar offenses. In *State v. Bray*, 342 Or 711, 724, 160 P3d 983 (2007), the Supreme Court held that " '[p]ersistent involvement in similar offenses' presents a factual issue that * * * a defendant may insist that a jury find beyond a reasonable doubt." The court explained:

> "In determining whether the record establishes '[p]ersistent involvement in similar offenses,' a sentencing court must do more than find that a defendant has two or more prior convictions for similar offenses. The trier of fact must infer from the number and frequency of those prior convictions whether the defendant's involvement in those offenses is 'persistent'; that is, the trier of fact must determine whether the defendant's involvement in similar offenses is sufficiently continuous or recurring to say that it is 'persistent.' "

*Id.* (brackets in original). There is "no legitimate debate" that a jury would have found the departure factor where evidence in support of that factor was "overwhelming." *Ramirez*, 343 Or at 513-14. Thus, to establish that there is no legitimate debate that a defendant was persistently involved in similar offenses, the evidence adduced at trial and sentencing not only must establish that the defendant had two or more prior convictions but also must support—indeed, to be "overwhelming" it must *require*—the inference that the

defendant's involvement was sufficiently continuous or recurring to say that it was "persistent."

Because it is dispositive, we address only the departure sentence imposed on Count 6. On this record, we conclude that there is legitimate debate as to whether the jury would have found that defendant was persistently involved in similar offenses. On Count 6, defendant was convicted of possession of controlled substances. Defendant had three prior convictions for similar drug offenses in 1985, 1991, and 1992; sentencing in this case occurred in 2003. The 11-year interval during which defendant was not convicted of a similar offense could have allowed a reasonable jury to reject the inference of persistency required by *Bray*. Moreover, the gravity of the error in this case is not trivial. *Ailes*, 312 Or at 382 n 6. Imposition of the 60-month departure sentence on Count 6 increased defendant's term of incarceration by 35 months. For both of the described reasons, we exercise our discretion to reach to correct the error.

Remanded for resentencing; otherwise affirmed.