Submitted on record and briefs March 2, sentence vacated; remanded for
resentencing; otherwise affirmed April 19, petition for review denied
May 31, 2006 (340 Or 673)

## STATE OF OREGON,
*Respondent,*

*v.*

## TONY DEAN STALDER,
*Appellant.*

## 03C46882; A122559

133 P3d 920

Hari Nam S. Khalsa filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Elizabeth A. Gordon, Senior Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

Defendant appeals a judgment of conviction for one count of felony assault in the fourth degree. ORS 163.160(3). He argues that the trial court committed three errors that require reversal: (1) the court failed to exclude certain out-of-court statements made by a child witness to a police officer, in violation of defendant's Sixth Amendment right to confront his accusers; (2) the court unlawfully imposed a sentence that includes an excessive and indeterminate period of post-prison supervision (PPS); and (3) the court unlawfully imposed an upward durational departure sentence based on aggravating facts found by the court, in violation of his right to a trial by jury as explained in *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000).

We conclude that defendant's evidentiary challenge is unpreserved, and we decline to address it as plain error. We further conclude, however, that defendant is correct that the trial court unlawfully imposed an indeterminate sentence. Because that error requires us to remand the case for resentencing, we do not reach defendant's alternative challenge to his sentence. We therefore vacate defendant's sentence and remand for resentencing, but otherwise affirm.

The facts relevant to the disposition of this appeal are not in dispute. In June 2003, police officers responding to a report of a domestic dispute went to the apartment shared by defendant and his girlfriend, C. When police arrived, C answered the door visibly upset; she told the police officers that she and defendant had been arguing and that, during the course of the argument, defendant had picked her up by the throat and thrown her against the wall. She complained that defendant's grip had injured her throat. C's five-year-old son was in the apartment at the time of the argument, as was C's father, who also lived there. The child told one of the police officers that he had seen defendant pick his mother up off the ground by the throat.

At trial, C testified that, although she originally had reported to police that defendant had picked her up by the

throat and that her throat was injured, she had exaggerated. Several of defendant's neighbors testified that they heard defendant and C having a loud and lengthy argument. One neighbor testified that during the argument she heard a thumping noise that she feared might have been somebody being thrown against the wall, and a female voice shouting for help.

The trial court questioned C's son and determined that he was not competent to testify. The court then ruled that, because the child was "unavailable" to testify, it would allow into evidence the hearsay statements made by the child to the police officer who interviewed him at the crime scene for the purpose of establishing that the assault occurred in the presence of the child. *See* OEC 803(18a)(b) (allowing admission of certain hearsay statements of children under the age of 12 who are unavailable to testify where the statements possess adequate indicia of reliability). Defendant objected on the grounds that the state had violated various discovery statutes and that the statements were not admissible under OEC 803(18a)(b). After considering the matter, the trial court decided to allow the testimony of the interviewing officer that the child "told me * * * he saw [defendant] grab his mom by the throat and push her up against the wall."

The jury found defendant guilty of felony assault in the fourth degree. The trial court imposed a sentence of 40 months' imprisonment and 24 months' post-prison supervision. Defendant complained that the combined 64-month sentence exceeded the 60-month maximum sentence for felony fourth-degree assault. The trial court responded by adding a note to the judgment indicating that the actual time served by defendant in prison and on PPS "shall not exceed 60 months." The court explained that "[defendant] needs to be supervised for 60 months one way or another."

We begin with defendant's argument that the trial court erred in admitting the statement made by the child to the police officer. He argues that, because he had no opportunity to cross-examine the child, the child's hearsay statement was inadmissible under *Crawford v. Washington*, 541 US 36, 124 S Ct 1354, 158 L Ed 2d 177 (2004). The state

responds that defendant did not preserve his *Crawford* challenge.

■　　We agree with the state that defendant failed to preserve that issue. To preserve an objection for appeal, a party must "provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted." *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000). In this case, although defendant objected to the admission of the interviewing officer's statements on other grounds, he never mentioned any of the constitutional concerns that were the basis of the Supreme Court's decision in *Crawford*. Thus, nothing defendant did put the trial court or the state on notice that defendant objected to the evidence on those grounds.

■■　　This court may, in its discretion, consider an unpreserved claim of error when the asserted error is "obvious" and "not reasonably in dispute." *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381, 823 P2d 956 (1991). That arguably is the case here; indeed, the state concedes that the disputed statements "appear to fall within the rule announced in [*Crawford*]." We need not decide the question whether the trial court's decision was plainly erroneous, however. Even if the decision were plainly erroneous, we would decline to exercise our discretion to correct it. Defendant did not raise this objection below, and, as a result, the state had no reason to attempt to prove its case through other means. *See State v. Cox*, 337 Or 477, 500, 98 P3d 1103 (2004) (declining to exercise plain error review of an unpreserved *Crawford* objection). Had it been apprised of defendant's objection, the state might well have chosen to do so. The record indicates that the state had other evidence to establish that the child was in the apartment and that the assault took place in his presence. *Compare State v. Galloway*, 202 Or App 613, 619, 123 P3d 352 (2005), *rev den*, 340 Or 201 (2006) (declining plain error review of unpreserved *Crawford* objection where the state had ample evidence of the defendant's guilt over and above the disputed evidence) *with State v. Page*, 197 Or App 72, 83, 104 P3d 616 (2005) (exercising discretion to review unpreserved *Crawford* objection where "the evidence against

defendant was scant"). Under such circumstances, we conclude that even if the error were plain, "this is not an appropriate occasion to reach it." *Cox*, 337 Or at 500. We reject defendant's evidentiary assignment without further discussion.

We turn to defendant's argument that the trial court imposed an unlawfully excessive and indeterminate sentence. As we have noted, the trial court imposed a sentence of 40 months' imprisonment plus 24 months' PPS. The combined 64-month sentence is in excess of the five-year statutory maximum for a Class C felony. *See* ORS 163.160(3); ORS 161.535(1)(c); ORS 161.605(3). As we also have noted, however, the trial court attempted to remedy that problem by adding to the judgment the note that the period of incarceration plus the period of post-prison supervision "shall not exceed 60 months."

On appeal, defendant argues that his sentence—even with (indeed, in part because of) the additional note—is both unlawfully excessive and indeterminate. He argues that it is excessive in that the total term of imprisonment and PPS exceeds the 60-month maximum that applies to his offense. He argues that it is indeterminate in that the amount of time that he *actually* is required to serve cannot be known from the sentence reflected in the judgment.

The state responds that the sentence is not excessive because the trial court's note precludes defendant from being required to serve more than the 60 months that the law permits. The state further responds that the sentence is not indeterminate because it clearly states that defendant must serve for a specific number of months, namely, 64.

As can be seen, the state wishes to eat its cake and have it, too. Only one of the state's arguments can be correct, not both. For, if the state is correct that the sentence is not indeterminate (because it specifies a total of 64 months' imprisonment and PPS), it is unlawfully excessive. And, if the state is correct that the sentence is not excessive (because it states that defendant may serve no more than 60 months), it is unlawfully indeterminate.

As it turns out, however, both of the state's arguments are incorrect.

We start with whether the sentence is unlawfully indeterminate. OAR 213-005-0005 requires that "[e]ach judgment of conviction for an offense * * * shall state the length of incarceration and the length of post-prison supervision." We have interpreted that rule to require that a judgment of conviction state a definite sentence. Thus, for example, a sentence of imprisonment "not to exceed eighteen (18) months" does not satisfy the rule. *State v. Montazer*, 133 Or App 271, 273-74, 891 P2d 662, *rev den*, 321 Or 268 (1995).

In this case, the trial court first imposed a departure sentence of 40 months' imprisonment and then imposed the standard PPS term for felony fourth-degree assault of 24 months. *See* OAR 213-005-0002(2)(a) (providing for 24 months' PPS for crimes in crime seriousness category six). The total duration of defendant's sentence that resulted—64 months—exceeded the statutory maximum determinate sentence for a Class C felony of 60 months. The fact that the trial court added to the judgment a note that the total sentence cannot exceed 60 months does not cure the problem, just as doing essentially the same thing did not in *Montazer*. The problem is that, even taking into account the limitation imposed by the additional note, the *actual* amount of time that defendant will spend in prison or under PPS remains unknown. Because defendant was eligible for earned time credits under ORS 137.750, his prison term could be reduced by as much as 20 percent. *See* ORS 421.121. Assuming that were the case, defendant would serve as few as 32 months in prison. According to the judgment, he would then have 24 months of post-prison supervision, for a combined total of 56 months—not 60.

It may be that the trial court *intended* to impose a sentence in which the duration of defendant's PPS would be as long as necessary to ensure that defendant's prison term plus the PPS totaled precisely 60 months. The problem is, the judgment does not say that defendant's combined sentence shall not be *less* than 60 months, it says that defendant's combined sentence shall not *exceed* 60 months. *See Fang v. Li*, 203 Or App 481, 484, 125 P3d 832 (2005) ("As a rule,

'when a written judgment and oral ruling conflict, the trial court's decision is governed by the signed [judgment], regardless of the evidence of the judge's contrary intent.'"). As a result, the effect of the judgment is to sentence defendant to an indefinite period of PPS of 20 to 24 months, depending on the length of defendant's actual prison time. The sentence thus also runs afoul of OAR 213-005-0005. *See State v. Tremillion*, 111 Or App 375, 826 P2d 95, *rev den*, 313 Or 300 (1992) (sentence of "15 to 18 months' imprisonment" unlawfully indeterminate).

That leaves the state's argument about whether the sentence is excessive. OAR 213-005-0002(4) provides:

> "The term of post-prison supervision, when added to the prison term, shall not exceed the statutory maximum indeterminate sentence for the crime of conviction. *When the total duration of any sentence (prison incarceration and post-prison supervision) exceeds the statutory maximum indeterminate sentence described in ORS 161.605, the sentencing judge shall first reduce the duration of post-prison supervision to the extent necessary to conform the total sentence length to the statutory maximum.*"

(Emphasis added.) The rule thus addresses precisely the circumstance in this case, when the total duration of a sentence (64 months) exceeded the statutory maximum (60 months). In such cases, the sentencing court was required to "first reduce the duration of post prison supervision" so that the total sentence conforms to the statutory maximum. That is, the rule required the trial court to reduce the term of PPS from 24 months to 20 months, so that the total sentence would not exceed the statutory maximum. The trial court did not do that in this case. Instead, it merely added the qualifier that the total sentence cannot exceed 60 months. That, however, does not satisfy OAR 213-005-0002(4). Nor does the additional qualifier cure the problem. As we have noted, even with the additional qualifier that the total sentence cannot exceed 60 months, the actual amount of PPS may turn out to be anywhere from 20 to 24 months, depending on the amount of time defendant serves in prison.

In sum, the trial court violated both OAR 213-005-0005 and OAR 213-005-0002(4) in imposing defendant's

sentence. That sentence is therefore unlawful. *Haskins v. Employment Dept.*, 156 Or App 285, 288, 965 P2d 422 (1998) (validly promulgated administrative rules have the force of law). Because that error requires that the case be remanded for resentencing, we need not reach defendant's remaining argument that the court erred in imposing a departure sentence based on facts that defendant did not admit and that were not found by a jury.

Sentence vacated; remanded for resentencing; otherwise affirmed.