Submitted August 28, 2009, sentence vacated and remanded for resentencing; otherwise affirmed July 14, 2010

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DANIEL JOSEPH MITCHELL, JR.,
*Defendant-Appellant.*

Lane County Circuit Court
200504235; A138064

235 P3d 725

Peter Gartlan, Chief Defender, and Brandon G. Williams, Deputy Public Defender, Appellate Division, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Jonathan H. Fussner, Senior Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Ortega, Judge, and Carson, Senior Judge.

LANDAU, P. J.

## LANDAU, P. J.

Defendant appeals a judgment revoking probation and imposing sentence consisting of a term of incarceration and a term of post-prison supervision (PPS) totaling 94 months. He argues that the sentence that the trial court imposed is unlawful because the total period of incarceration and PPS exceeds the statutory 60-month limit that applies to the offense on which he was sentenced and because the PPS term is indeterminate. We agree with defendant, vacate the sentence, remand for resentencing, and otherwise affirm.

The relevant facts are few and undisputed. Defendant was charged with one count each of coercion, ORS 163.275, fourth-degree assault, ORS 163.160, and strangulation, ORS 163.187. He pleaded guilty. The court placed him on probation for 36 months on the coercion conviction and sentenced him to concurrent sentences of 120 days in jail on the remaining convictions. The trial court later revoked probation and imposed a sentence of 58 months in prison and 36 months of PPS on the coercion conviction. In the judgment revoking probation and imposing sentence, the trial court added the following qualification:

> "[I]f the length of incarceration for this count plus the length of post-prison supervision exceeds the statutory maximum indeterminate sentence described in ORS 161.605, then the length of post-prison supervision is hereby reduced to the extent necessary to conform the total sentence length to the statutory maximum."

ORS 161.605, the statute to which the court referred, provides that the "maximum term of an indeterminate sentence of imprisonment" for a Class C felony—which includes coercion, ORS 163.275(2)—is 60 months.

■ On appeal, defendant advances two arguments in support of his position that the trial court erred in imposing the sentence on the coercion conviction. First, he asserts that the trial court impermissibly created an indeterminate term of PPS. Second, he contends that the total sentence exceeds the 60-month maximum set out in ORS 161.605. Defendant concedes that he did not raise his claim of error in the trial court. He argues, however, that, under our decision in *State*

*v. Stalder*, 205 Or App 126, 133 P3d 920, *rev den*, 340 Or 673 (2006), the matter is reviewable as plain error.

The state responds that defendant's claim of error was not preserved and is not reviewable as plain error. In the first place, the state argues, the trial court did not err at all, even under *Stalder*. According to the state, the judgment in this case is different from the one at issue in *Stalder* because it imposed a definite term of PPS, namely, 36 months, and because it did not employ precisely the same wording that ran afoul of the statutory maximum in that case. In any event, the state argues, the judgment in this case is at least arguably different from the judgment at issue in *Stalder*.

■ Normally, this court will not address a claim of error that was not raised in the trial court. We may, however, address an "error of law apparent on the face of the record," that is, a plain error. ORAP 5.45(1). "To constitute plain error, the claimed error must be an error of law, obvious, and apparent on the face of the record." *State v. Akers*, 221 Or App 29, 34, 188 P3d 417 (2008) (citing *State v. Gornick*, 340 Or 160, 167, 130 P3d 780 (2006)). But even if an error meets those criteria, the decision to review the error remains in the discretion of the appellate court. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991).

In this case, whether the trial court committed plain error boils down to whether this case is or is not meaningfully distinguishable from *Stalder*. In *Stalder*, the defendant was convicted of felony fourth-degree assault, a Class C felony. The trial court imposed a sentence of 40 months' imprisonment, followed by 24 months of PPS. That combined sentence exceeded the 60-month statutory maximum for a Class C felony, set out in ORS 161.605. The trial judge in *Stalder* attempted to avoid that problem by noting on the judgment that the period of incarceration plus the period of PPS "shall not exceed 60 months."

On appeal, the defendant in *Stalder* argued that his sentence was both unlawfully excessive and indeterminate. In support of the former contention, the defendant asserted that the sentence was excessive because the total term of imprisonment and PPS exceeded the 60-month maximum sentence for his offense. 205 Or App at 131. In support of his

position that the sentence was indeterminate, he argued that "the amount of time that he *actually* [was] required to serve cannot be known from the sentence reflected in the judgment." *Id.* (emphasis in original).

The state in *Stalder* responded that the sentence was not excessive, because the trial court's note had the effect of precluding the defendant from serving more than the 60 months that the law permits. The state also argued that the sentence was not indeterminate, because it clearly stated that the defendant's total sentence (between incarceration and PPS) was exactly 64 months, even though the defendant could not actually serve that total sentence without violating the statutory 60-month maximum.

We rejected the state's argument:

"As can be seen, the state wishes to eat its cake and have it, too. Only one of the state's arguments can be correct, not both. For, if the state is correct that the sentence is not indeterminate (because it specifies a total of 64 months' imprisonment and PPS), it is unlawfully excessive. And, if the state is correct that the sentence is not excessive (because it states that defendant may serve no more than 60 months), it is unlawfully indeterminate."

*Id.* We concluded that the state was incorrect on both counts.

First, we explained in *Stalder*, each judgment of conviction must state a definite sentence. OAR 213-005-0005; *see State v. Montazer*, 133 Or App 271, 273-74, 891 P2d 662, *rev den*, 321 Or 268 (1995) (sentence of imprisonment "not to exceed eighteen (18) months" is unlawful); *State v. Tremillion*, 111 Or App 375, 376, 826 P2d 95, *rev den*, 313 Or 300 (1992) (sentence of "15 to 18 months' imprisonment" unlawfully indeterminate). Because the defendant in *Stalder* was eligible for earned time credits under ORS 137.750, his prison term could have been reduced by as much as 20 percent. *See* ORS 421.121 (providing for up to 20 percent reduction in prison sentences if certain conditions are met). In short, the sentence was indeterminate because the defendant could have had a prison term as short as 32 months, which—together with the 24 months of PPS—would amount to a 56-month sentence, rather than the 60 months referred to in the

judgment. 205 Or App at 132. That is, the *Stalder* defendant's total sentence could have ranged anywhere from 56 to 60 months, and the PPS term could have varied from 20 to 24 months. That, we concluded, is an indeterminate sentence. *Id.* at 132-33.

We concluded in *Stalder* that the sentence also exceeded the 60-month maximum set out in ORS 161.605. We began by quoting OAR 213-005-0002(4), which states that (1) the total sentence (prison time plus PPS) cannot exceed the statutory maximum and (2), if it does, the proper solution is for the trial court to reduce the duration of PPS:

> "The term of post-prison supervision, when added to the prison term, shall not exceed the statutory maximum indeterminate sentence for the crime of conviction. *When the total duration of any sentence (prison incarceration and post-prison supervision) exceeds the statutory maximum indeterminate sentence described in ORS 161.605, the sentencing judge shall first reduce the duration of post-prison supervision to the extent necessary to conform the total sentence length to the statutory maximum.*"

205 Or App at 133 (emphasis in original). We explained that the trial court did not follow that procedure:

> "[T]he rule required the trial court to reduce the term of PPS from 24 months to 20 months, so that the total sentence would not exceed the statutory maximum. The trial court did not do that in this case. Instead, it merely added the qualifier that the total sentence cannot exceed 60 months. That, however, does not satisfy OAR 213-005-0002(4). Nor does the additional qualifier cure the problem. As we have noted, even with the additional qualifier that the total sentence cannot exceed 60 months, the actual amount of PPS may turn out to be anywhere from 20 to 24 months, depending on the amount of time defendant serves in prison."

*Id.* As we have noted, we concluded that the sentence imposed in *Stalder* was unlawful, both because it was indeterminate and because it exceeded the statutory maximum.

In this case, defendant argues that *Stalder* is indistinguishable from this case and that, under *Stalder*, the trial

court committed plain error. The state responds that *Stalder* is distinguishable.

The state begins by acknowledging that the trial court was required to impose "both a definite prison term and *a definite term of PPS*." (Emphasis added.) The state then contends that the trial court in this case complied with that requirement by specifying a 36-month term of PPS. That, however, is essentially the same argument that the state advanced—and that we rejected—in *Stalder*. In this case, as in *Stalder*, defendant's PPS term will increase if his prison term is reduced under ORS 137.750 and ORS 421.121. For example, if defendant's prison term is reduced by the maximum 20 percent (to 46.4 months), under the terms of the judgment, his PPS term will increase to 13.6 months. In contrast, if his prison term is not reduced, defendant's PPS term will be two months. And the PPS term could vary between those numbers. As the parties agree, a defendant's total sentence (that is, his prison term plus his PPS term) must be determinate. But so, too, must each component of the sentence. *See* OAR 213-005-0005 ("Each judgment of conviction for an offense committed on or after the effective date of these rules shall state the length of incarceration and the length of post-prison supervision.").

This case is slightly different from *Stalder*, but not in a material way. In *Stalder*, both the total sentence and the PPS term could vary and were, as a result, indeterminate. As explained above, the total sentence in *Stalder* could have ranged from 56 to 60 months, depending on whether the defendant received a sentence reduction and, if so, how much the reduction was. If the defendant in *Stalder* received a 20 percent reduction in his prison term, for example, the longest his total sentence could be was 56 months— 32 months plus the maximum 24 months of PPS.

In this case, unlike the sentence in *Stalder*, the total sentence does not exceed the statutory maximum, nor is it indeterminate. Because the trial court in this case imposed a 58-month prison term and a 36-month PPS term, to be reduced if the total sentence exceeds the statutory maximum, defendant will serve no more and no less than 60 months total. If he receives the maximum 20 percent reduction in his

58-month prison term, that term will be reduced to 46.4 months. That would result in defendant having a total sentence of 60 months: 46.4 months in prison and 13.6 months of PPS. In contrast, if defendant receives no sentence reduction, he will serve 58 months in prison and two months of PPS, for a total of 60 months.

But the fact remains that, as in *Stalder*, the term of PPS in this case is indeterminate, and that is precisely the error that defendant claims on appeal. OAR 213-005-0005 and *Stalder* make it clear that a court cannot impose an indeterminate PPS term as part of a defendant's sentence. Because the trial court did so in this case, it committed plain error.

Moreover, as we have noted, *Stalder* also held that the trial court in that case erred because it did not comply with OAR 213-005-0002(4). In cases (like this one) in which the incarceration term, together with the PPS term, exceed the statutory maximum, that rule requires that "the sentencing judge * * * first reduce the duration of post-prison supervision to the extent necessary to conform the total sentence length to the statutory maximum." Under that rule, a sentencing judge cannot do what the trial judge in *Stalder* and the trial judge in this case attempted to do. That is, the rule precludes the imposition of a variable term of PPS. In this case, under the administrative rule, the trial court—once it selected a 58-month incarceration term—was required to impose only a two-month term of PPS. It is true that the result, in light of possible sentence reductions, could be a total sentence of as little as 48.4 months, but the rule is clear as to the applicable procedure. Because the trial court in this case did not follow the procedure set out in OAR 213-005-0002(4), and because *Stalder* makes it clear that it was required to do so, it committed plain error.

The state argues that, even if we conclude that the court committed plain error, we should not exercise our discretion to correct it:

"[E]ven if this court were to find that the sentence is a plain error apparent on the face of the record, this court should not exercise its discretion to correct it, because defendant has not suffered and will not suffer any prejudice from the

asserted error. By the terms of the judgment, no matter how much or how little prison time defendant serves, his term of PPS, when added to the time served in prison, will total 60 months, no more and no less. That is the total sentence that the trial judge chose to impose, and it is an entirely lawful sentence under the statutes and the sentencing guidelines."

We disagree. As explained above, under OAR 213-005-0002(4), the trial court was required to impose a term of PPS that, when added to the incarceration term imposed (but not necessarily served), would equal 60 months; that is, a two-month term of PPS. If defendant receives a sentence reduction, the effect of the administrative rule is that his total sentence will be less than 60 months—possibly by as much as nearly a year. Defendant was prejudiced by the trial court's error.

Sentence vacated and remanded for resentencing; otherwise affirmed.