Submitted December 3, 2010, sentence vacated and remanded for resentencing; otherwise affirmed January 12, 2011

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TROY ALTON ELK,
*Defendant-Appellant.*

Umatilla County Circuit Court
CF090210; A144246

247 P3d 328

Garrett A. Richardson and Multnomah Defenders, Inc., filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Timothy A. Sylwester, Attorney-in-Charge, filed the brief for respondent.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Landau, Judge pro tempore.

PER CURIAM

## PER CURIAM

Defendant appeals a judgment of conviction for one count of public indecency, ORS 163.465, assigning error to the trial court's imposition of 36 months of incarceration and 60 months of post-prison supervision. Defendant argues that the sentence violates ORS 161.605, which provides that the "maximum term of an indeterminate sentence," combining incarceration and post-prison supervision, for a Class C felony—such as public indecency, ORS 163.465(2)(b)—is 60 months. *See State v. Mitchell*, 236 Or App 248, 253, 235 P3d 725 (2010). Although defendant admits that his assignment of error is unpreserved, he argues that the circumstances in this case are similar to those in *Mitchell*, that the error is apparent on the face of the record, and that for the reasons discussed in *Mitchell*, *id.* at 251-56, we should exercise our discretion to review it.

The state concedes that the sentence was unlawful, but argues that the trial court's judgment was erroneous only because it violated OAR 213-005-0002(2)(a),[1] which provides that the post-prison supervision for a category 6 crime, like defendant's, shall be two years. Furthermore, OAR 213-005-0002(1) states that "[d]epartures on the duration of post-prison supervision shall not be allowed." According to the state, combining the 36 months of incarceration imposed and the 24 months of post-prison supervision allowed under the rules, defendant's sentence would be within the 60-month maximum term. For that reason, the state argues that we need not remand for resentencing, but instead, should remand with instructions to amend the judgment to impose only a two-year term of post-prison supervision.

We agree with defendant that the trial court committed plain error for the reasons discussed in *Mitchell*, and that remand for resentencing is necessary. Contrary to the state's characterization, defendant's assignment of error clearly challenges the entire sentence, not simply the amount

---

[1] OAR 213-005-0002 provides, in part:

"(2) The duration of post-prison supervision shall be determined by the crime seriousness category of the most serious current crime of conviction:

"(a) One year for Crime Categories 1-3, two years for Crime Categories 4-6 and three years for Crime Categories 7-11."

of post-prison supervision. Although the state is correct that the trial court is required under OAR 213-005-0002(2)(a) to impose two years of post-prison supervision, the court is not required, when considering the statutory maximum under ORS 161.605, to impose the same 36 months of incarceration on remand. ORS 138.222(5).

Sentence vacated and remanded for resentencing; otherwise affirmed.