Submitted April 29, in Case Number 200825249, remanded for resentencing; otherwise affirmed; in Case Number 220903864, affirmed June 1, 2011

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JESUS GUTIERREZ,
*Defendant-Appellant.*

Lane County Circuit Court
200825249, 220903864;
A142543 (Control), A142545

259 P3d 951

Peter Gartlan, Chief Defender, and Jedediah Peterson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Doug M. Petrina, Senior Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Edmonds, Senior Judge.

HASELTON, P. J.

**HASELTON, P. J.**

Defendant appeals judgments in two separate trial court cases[1] revoking his probation on convictions for, *inter alia*, coercion, ORS 163.275, and felony fourth-degree assault, ORS 163.160(3), in Case Number 200825249 and misdemeanor fourth-degree assault, ORS 163.160, in Case Number 220903864. A statement of the facts pertaining to defendant's conduct would not benefit the bench, the bar, or the public. We reject without further discussion defendant's contention that the trial court erred in revoking his probation in both cases because "the state offered legally insufficient evidence that defendant failed to participate in a 'mental health evaluation[.]' " Further, we conclude that the post-prison supervision (PPS) term of the sentence that the trial court imposed for defendant's coercion conviction was indeterminate and, thus, constituted plain error, ORAP 5.45(1), in light of our decision in *State v. Mitchell*, 236 Or App 248, 235 P3d 725 (2010), and, for reasons that we will explain, we exercise our discretion to correct that error, *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991). Accordingly, we remand for resentencing in Case Number 200825249 and affirm in Case Number 220903864.

With respect to the matter that defendant asserts constitutes plain error, the judgment revoking defendant's probation on the coercion conviction imposed a sentence of 36 months' incarceration and 36 months' post-prison supervision. However, in that judgment, the court stated that, "if the length of incarceration for this count plus the length of post-prison supervision exceeds the statutory maximum indeterminate sentence described in ORS 161.605,[2] then the length of post-prison supervision is hereby reduced to the extent necessary to conform the total sentence length to the statutory maximum." Defendant did not object to that sentence.

On appeal, defendant contends, in part, that,

"[u]nder the sentencing guidelines, a defendant's sentence —*i.e.*, the term of incarceration added to the term of PPS —must not exceed the statutory maximum, and it must not

---

[1] Those cases were consolidated for purposes of appeal.

[2] ORS 161.605 provides that, for a Class C felony such as coercion, "[t]he maximum term of an indeterminate sentence" is 60 months.

be indeterminate. Here, the court sentenced defendant to a term of incarceration (36 months) and PPS (36 months) that exceeds the statutory maximum (60 months). The court attempted to save the judgment from being excessive, however, by noting in the judgment that if the sentence does exceed the maximum indeterminate sentence, 'then the length of post-prison supervision is hereby reduced to the extent necessary to conform the total sentence length to the statutory maximum.' The extra wording makes the sentence unlawfully indeterminate. Because the sentence is both excessive and indeterminate, it is unlawful[.]"

Our decision in *Mitchell* is dispositive of defendant's contentions. In that case, under materially indistinguishable circumstances, we held that "a defendant's total sentence (that is, his prison term plus his PPS term) [as well as each component of the sentence] must be determinate" and that a PPS term is indeterminate if it may be reduced so that the total sentence does not exceed the statutory maximum. 236 Or App at 254. Accordingly, we concluded that the imposition of an indeterminate PPS term constitutes plain error and exercised our discretion to correct it. *Id.* at 255-56.

Although the state acknowledges that *Mitchell* is controlling, it contends that *Mitchell* was wrongly decided. We decline the state's invitation to revisit our decision in that case. *See State v. Elk*, 240 Or App 432, 247 P3d 328 (2011) (exercising our discretion, under circumstances similar to those in this case, to correct unpreserved challenge to a sentence in light of *Mitchell*).

In sum, the trial court's imposition of an indeterminate PPS term constituted plain error. Further, because the state has no valid interest in having defendant serve an unlawful sentence, we exercise our discretion to remedy that error. *See State v. Wierson*, 216 Or App 318, 319, 172 P3d 281 (2007) (exercising our *Ailes* discretion under similar circumstances because the state had no interest in having the defendant serve an unlawful sentence).

In Case Number 200825249, remanded for resentencing; otherwise affirmed. In Case Number 220903864, affirmed.