Submitted September 20, sentence on Count 1 vacated; remanded for resentencing; otherwise affirmed October 26, 2011, petition for review denied April 19, 2012 (351 Or 761)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## FRED SAVELIEFF,
*Defendant-Appellant.*

Lane County Circuit Court
200917962; A145432

265 P3d 84

Garrett A. Richardson and Multnomah Defenders, Inc., filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Duncan, Judge.

PER CURIAM

## PER CURIAM

Defendant appeals a judgment of conviction for, *inter alia*, felony driving under the influence of intoxicants (Count 1), ORS 813.010, which is a Class C felony with a maximum indeterminate sentence of 60 months, ORS 161.605. On Count 1, the trial court sentenced defendant to 48 months' imprisonment and 24 months' post-prison supervision (PPS), noting that, "if the length of incarceration for this count plus the length of post prison supervision exceeds the statutory maximum indeterminate sentence described in ORS 161.605, then the length of post-prison supervision is hereby reduced to the extent necessary to conform the total sentence length to the statutory maximum." Defendant did not object to that sentence. On appeal, defendant contends that his sentence on Count 1 is erroneous because his sentence exceeds 60 months and the term of post-prison supervision is indeterminate. We conclude that the PPS term of defendant's sentence was indeterminate and, thus, constituted plain error, ORAP 5.45(1), in light of our decision in *State v. Mitchell*, 236 Or App 248, 235 P3d 725 (2010). Further, for the reasons explained in *State v. Gutierrez*, 243 Or App 285, 259 P3d 951 (2011), we exercise our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991), to correct that error.

Sentence on Count 1 vacated; remanded for resentencing; otherwise affirmed.