Submitted March 21, case numbers 200928643, 201000139, 201006754, 201006764, and 201006765 remanded for resentencing, otherwise affirmed; case numbers 200926910 and 200927981 affirmed May 2, 2012

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

THOMAS DALE YOUNG,
aka Thomas Dale Young, III,
*Defendant-Appellant.*

Lane County Circuit Court
200926910, 200927981, 200928643, 201000139,
201006754, 201006764, 201006765;
A145391 (Control), A145392, A145393,
A145394, A145395, A145396, A145397

277 P3d 645

Erin Galli filed the brief for appellant.

John R. Kroger, Attorney General, Anna M. Joyce, Solicitor General, and Tiffany Keast, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Haselton, Chief Judge, and Duncan, Judge.

DUNCAN, J.

**DUNCAN, J.**

This appeal involves seven consolidated criminal cases. In five of the cases, defendant asserts that the trial court erred by imposing excessive and indeterminate post-prison supervision (PPS) terms. The state concedes that the PPS terms are excessive under OAR 213-005-0002(2)(a) and *State v. Stalder*, 205 Or App 126, 133 P3d 920, *rev den*, 340 Or 673 (2006), and the state acknowledges that the PPS terms are unlawfully indeterminate under *State v. Mitchell*, 236 Or App 248, 235 P3d 725 (2010). We review for errors of law. ORS 138.222(4); *State v. Capri*, 248 Or App 391, 394, 273 P3d 290 (2012). In the five cases involving the challenged PPS terms, we remand for resentencing; in the other two cases, we affirm.

The facts relevant to defendant's challenge to the PPS terms are few and undisputed. In case number 200928643, defendant pleaded guilty to one count of burglary in the second degree, ORS 164.215, and one count of unauthorized use of a vehicle, ORS 164.135. Both crimes are Class C felonies, for which the statutory maximum indeterminate sentence is five years, ORS 161.605. On each count, defendant stipulated to a crime seriousness classification of 9, and the trial court sentenced him to 60 months in prison to be followed by five years of PPS "minus the period of incarceration" served on each count.[1]

Similarly, in case number 201000139, defendant pleaded guilty to two counts of identity theft, ORS 165.800, a Class C felony. On each count, defendant stipulated to a crime seriousness classification of 9. The trial court sentenced defendant to 60 months in prison to be followed by five years of PPS "minus the period of incarceration" served on each count.

In case numbers 201006754, 201006764, and 201006765, defendant pleaded guilty to one count of identity theft in each case. On each count, defendant stipulated to a crime seriousness classification of 8, and the trial court sentenced defendant to 36 months in prison to be followed by five

---

[1] Under the sentencing guidelines, prison terms are set out in months and PPS terms are set out in years. We follow that convention in this opinion.

years of PPS. As in the other cases, the court specified that the PPS term was five years "minus the period of incarceration."

On each count in each case, the trial court ordered that, if the total of the prison and PPS terms for the count exceeded the statutory maximum indeterminate sentence, the PPS term "is hereby reduced":

"[I]f the length of incarceration for this count plus the length of post-prison supervision exceeds the statutory maximum indeterminate sentence described in ORS 161.605, then the length of post-prison supervision is hereby reduced to the extent necessary to conform the total sentence length to the statutory maximum."

On appeal, defendant challenges the PPS terms. Defendant did not object to the PPS terms in the trial court, but he argues that we should exercise our discretion to review them as errors apparent on the face of the record. ORAP 5.45(1); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). As defendant argues, and the state acknowledges, we have held that errors of the type defendant alleges here are apparent on the face of the record and that it is appropriate for us to exercise our discretion to review them. *Capri*, 248 Or App at 398; *State v. Savelieff*, 246 Or App 324, 325, 265 P3d 84 (2011); *State v. Gutierrez*, 243 Or App 285, 287, 259 P3d 951 (2011); *State v. Elk*, 240 Or App 432, 433, 247 P3d 328 (2011); *Mitchell*, 236 Or App at 256. Accordingly, we exercise our discretion to review the PPS terms in this case.

Defendant argues that the PPS terms are erroneous for three reasons. First, defendant argues that each of the PPS terms exceeds the maximum term allowable under the sentencing guidelines, specifically, OAR 213-005-0002(2), which provides that the maximum PPS term for level 8 and 9 crimes—which, as mentioned, all of the crimes at issue are—is three years.[2] Therefore, as defendant argues and the state concedes, the trial court erred by imposing five-year PPS

---

[2] OAR 213-005-0002(2)(a) provides that the duration of PPS is "[o]ne year for Crime Categories 1-3, two years for Crime Categories 4-6 and three years for Crime Categories 7-11."

terms, and a remand is necessary for the trial court to impose PPS terms that do not exceed three years.

Second, defendant argues that the each of the PPS terms, when added to its corresponding prison term, exceeds the statutory maximum indeterminate sentence, and, therefore, violates OAR 213-005-0002(4), which provides:

> "The term of post-prison supervision, when added to the prison term, shall not exceed the statutory maximum indeterminate sentence for the crime of conviction. When the total duration of any sentence (prison incarceration and post-prison supervision) exceeds the statutory maximum indeterminate sentence described in ORS 161.605, the sentencing judge shall first reduce the duration of post-prison supervision to the extent necessary to conform the total sentence length to the statutory maximum."

As mentioned, the sentences at issue are all for Class C felonies, and the statutory maximum indeterminate sentence for a Class C felony is five years. The trial court imposed prison terms of either 36 or 60 months, to be followed by five-year PPS terms. Thus, as defendant argues and the state concedes, each of the sentences at issue exceeds the statutory maximum indeterminate sentence, and remand is necessary for the trial court to structure defendant's prison and PPS terms so that, together, they do not total more than five years. *Stalder*, 205 Or App at 133.

Third, defendant argues that the PPS terms are unlawfully indeterminate. As mentioned, the trial court specified that the PPS terms were five years "minus the period of incarceration." Defendant argues that the PPS terms violate the prohibition against variable PPS terms. In support of his argument, defendant relies on *Stalder* and *Mitchell*.

In *Stalder*, the defendant was convicted of a Class C felony, and the trial court sentenced him to 40 months in prison and 24 months of PPS. The 64-month total sentence exceeded the five-year (60-month) statutory maximum indeterminate sentence for a Class C felony. The court attempted to remedy that problem by providing that the defendant's prison and PPS terms " 'shall not exceed 60 months.' " Thus, if the defendant actually served 40 months in prison, he would be on PPS for 20 months, but if he received the earned

time credits for which he was eligible and served less than 40 months in prison, he would be on PPS longer (up to 24 months). 205 Or App at 131.

The defendant appealed, and we reversed, holding, *inter alia*, that the defendant's sentence was unlawfully indeterminate. We explained that "OAR 213-005-0005 requires that '[e]ach judgment of conviction for an offense * * * shall state the length of incarceration and the length of [PPS].' " *Id.* at 132 (first brackets and omission in *Stalder*). In other words, a judgment must state the "*actual* amount of time that [a] defendant will spend in prison or under PPS." *Id.* (emphasis in original). A court cannot impose an indefinite period of PPS; it cannot make the length of a defendant's PPS term dependent upon the amount of prison time the defendant actually serves.

In *Mitchell*, the trial court sentenced defendant to 58 months in prison and 36 months of PPS on a Class C felony. As in this case, the court provided that, if the total of the defendant's prison and PPS terms exceeded the 60-month statutory maximum indeterminate sentence—which they did—" 'then the length of [PPS] is hereby reduced to the extent necessary to conform the total sentence length to the statutory maximum.' " 236 Or App at 250. Thus, if the defendant served 58 months in prison, he would be on PPS for two months, for a total of 60 months. But if he received the earned time credits for which he was eligible and served, for example, 46 months in prison, he would be on PPS for 14 months, again for a total of 60 months.

The defendant appealed, arguing that the sentence was both excessive and unlawfully indeterminate. In response to the defendant's argument that his sentence was unlawfully indeterminate, the state argued that, although the length of time that the defendant spent in prison and on PPS might vary, the total sentence was not unlawfully indeterminate because it would equal 60 months. We rejected the state's argument, explaining that, although the total sentence of 60 months was determinate, "as in *Stalder*, the term of PPS * * * is indeterminate." *Mitchell*, 236 Or App at 255. We further explained:

> "OAR 213-005-0005 and *Stalder* make it clear that a court cannot impose an indeterminate PPS term as a part of a defendant's sentence. Because the trial court did so in this case, it committed plain error."

*Id.* ·

We also held that the trial court erred by failing to follow OAR 213-005-0002(4), which, as set out above, provides that, if the total of a defendant's prison and PPS terms exceeds the statutory maximum indeterminate sentence, then a trial court shall first reduce the duration of the PPS "to the extent necessary to conform the total sentence length to the statutory maximum." Therefore, under OAR 213-005-0002(4), "the trial court—once it selected a 58-month incarceration term—was required to impose only a two-month term of PPS," and its failure to do so was plain error. *Mitchell*, 236 Or App at 255.

Here, defendant argues that, as in *Stalder* and *Mitchell*, the trial court erred by imposing variable PPS terms. The state acknowledges that, under *Mitchell* in particular, defendant is correct. But, the state contends that *Mitchell* was wrongly decided and asks that we overrule it. As in other recent cases, we decline to do so. *E.g.*, *Gutierrez*, 243 Or App at 288.

Case numbers 200928643, 201000139, 201006754, 201006764, and 201006765 remanded for resentencing; otherwise affirmed. Case numbers 200926910 and 200927981 affirmed.