Argued and submitted March 22, affirmed October 24, 2012

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CLOVIS DEAN POWELL,
aka Clovis D. Powell,
*Defendant-Appellant.*

Lane County Circuit Court
200301146; A143632

288 P3d 999

Ernest G. Lannet, Chief Deputy Defender, argued the cause for appellant. With him on the briefs was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Timothy A. Sylwester, Senior Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

NAKAMOTO, J.

## NAKAMOTO, J.

Defendant was convicted of seven felony and misdemeanor offenses after his attempt to elude police officers in a high-speed car chase. He challenges his sentence for his conviction for unlawful possession of a controlled substance (Count 6) on two grounds: (1) the sentence is indeterminate or excessive, in violation of OAR 213-005-0002(4), and (2) the trial court failed to follow the shift-to-column-I rule, OAR 213-012-0020(2)(a)(B), in setting a consecutive sentence for that conviction. We affirm.

This case is back before us after our remand for resentencing in defendant's first appeal. The relevant facts are primarily procedural and are undisputed on appeal. Defendant engaged in a high-speed chase with the police that ended in a residential neighborhood when defendant ran through a stop sign and collided into another car, injuring two passengers. During the pursuit, he threw baggies and a tin containing methamphetamine out of his car window, and, when the police arrested defendant on the scene, they found methamphetamine in his wallet. Defendant was convicted of attempting to elude a police officer (Count 1), ORS 811.540; reckless driving (Count 2), ORS 811.140; two counts of third-degree assault (Counts 3 and 4), ORS 163.165; second-degree criminal mischief (Count 5), ORS 164.354; unlawful possession of a controlled substance (Count 6), *former* ORS 475.992(4)(b) (2003);[1] and resisting arrest (Count 7), ORS 162.315. Based on a judicial finding that defendant was persistently involved in similar offenses, the trial court imposed departure sentences.

Defendant appealed. In *State v. Powell*, 225 Or App 517, 519-20, 202 P3d 903 (2009) (*Powell I*), on remand from the Supreme Court, *State v. Powell*, 345 Or 316, 195 P3d 63 (2008), we held in defendant's first appeal that it was plain error for the court to impose departure sentences based on a judicial finding of a departure factor. We exercised our discretion to correct the error and remanded for resentencing. *Powell I*, 225 Or App at 521.

---

[1] *Former* ORS 475.992(4)(b) (2003) was renumbered as *former* ORS 475.840(3)(b) (2005) and renumbered again as ORS 475.752(3)(b) (2011).

When defendant appeared before the trial court for resentencing, he admitted that he had engaged in persistent involvement with respect to attempting to elude the police and the assault convictions. A sentencing jury also found that defendant had engaged in persistent involvement with respect to the unlawful possession of a controlled substance conviction. The prosecutor then recommended that the trial court sentence defendant in a manner similar to the original sentence. Defendant objected and asserted that the maximum sentence for Class C felonies is five years and that 24 months of post-prison supervision (PPS) was impermissible if the court planned to impose an enhanced 60-month incarceration term on the convictions for Count 6 and the felony assaults. In pronouncing defendant's sentence, the trial court explained its intention to impose the original sentence, except for corrective language in the judgment, to be supplied by the prosecutor, so that a 24-month PPS term in conjunction with a 60-month incarceration term for each of the assault and controlled substance convictions would not exceed five years. The court then imposed sentences for each conviction in numerical order by beginning with Count 1, attempting to elude.

In its 2009 supplemental judgment, the trial court imposed departure sentences for defendant's felony convictions, to run consecutively. On defendant's conviction for attempting to elude the police (Count 1), a Class C felony, the trial court categorized defendant as a grid block 2-A offender and imposed a dispositional departure sentence of six months in jail and 12 months of PPS. For the assault (Counts 3 and 4) and controlled substance (Count 6) convictions, the trial court categorized defendant as a grid block 6-A offender and imposed durational departure sentences of 60 months in prison and 24 months of PPS, consecutive to each other and consecutive to the sentence imposed for attempting to elude the police. The court further found that, pursuant to ORS 137.750(1),[2] defendant was

---

[2] ORS 137.750(1) provides:

"When a court sentences a defendant to a term of incarceration upon conviction of a crime, the court shall order on the record in open court as part of the sentence imposed that the defendant may be considered by the executing or releasing authority for any form of temporary leave from custody, reduction in sentence, work release or program of conditional or supervised release

ineligible for temporary leave from custody, reduction in sentence, work release, alternative incarceration programs, or programs of conditional or supervised release for those convictions based on "substantial and compelling reasons" that he "serve the entire sentence imposed." And for each of the convictions for assault and possession of a controlled substance, Class C felonies permitting a maximum sentence of 60 months, the trial court included the following provision in the judgment:

> "[I]f the length of incarceration for this count plus the length of [PPS] exceeds the statutory maximum indeterminate sentence described in ORS 161.605, then the length of [PPS] is hereby reduced to the extent necessary to conform the total sentence length to the statutory maximum."

The court also imposed concurrent sentences of six months in jail for each of defendant's misdemeanor convictions for reckless driving, criminal mischief, and resisting arrest.

The trial court later entered a corrected supplemental judgment. In that 2011 judgment, the trial court deleted the PPS terms for the assault convictions, but it did not change the sentence for the conviction on Count 6, possession of a controlled substance. Defendant timely appealed from the supplemental judgment and the corrected supplemental judgment.

Defendant now assigns error to the PPS term that the trial court imposed for his conviction for unlawful possession of a controlled substance.[3] Two of the sentencing guidelines are relevant to that assignment of error. First, a judgment of conviction "shall state the length of incarceration and the length of post-prison supervision." OAR 213-005-0005. Second, pursuant to OAR 213-005-0002(4), the PPS term, "when added to the prison term, shall not exceed the statutory maximum indeterminate sentence for the crime of conviction," and, if it does, then "the sentencing judge shall first reduce the duration of post-prison supervision to the

---

authorized by law for which the defendant is otherwise eligible at the time of sentencing, unless the court finds on the record in open court substantial and compelling reasons to order that the defendant not be considered for such leave, release or program."

[3] The corrected supplemental judgment renders defendant's challenge to the PPS terms on his assault convictions moot.

extent necessary to conform the total sentence length to the statutory maximum."

The trial court imposed a 60-month incarceration term plus a 24-month PPS term for defendant's controlled substance conviction. The sum of the PPS term and the incarceration term exceeds the maximum sentence of 60 months for that offense, a Class C felony. *See* ORS 161.605(3). However, the judgment also stated that, if the PPS term plus the incarceration term exceeds the statutory maximum sentence, "then the length of post-prison supervision is hereby reduced to the extent necessary to conform the total sentence length to the statutory maximum." Defendant contends that, regardless of that additional PPS reduction provision, the sentence is impermissibly indeterminate or excessive on its face and, even if that argument is unpreserved, as the state contends, it nonetheless constitutes plain error under our holding in *State v. Mitchell*, 236 Or App 248, 235 P3d 725 (2010).

We conclude that defendant preserved this issue for review. The trial court and the prosecutor were aware of the basis for defendant's objection to the PPS term: the PPS term plus 60 months of incarceration exceeded the maximum sentence permitted for Class C felonies. And, both the prosecutor and the trial court addressed defendant's argument.

The state responds on the merits that the sentence is determinate and that *Mitchell* is distinguishable. In *Mitchell*, we held that the trial court committed plain error for two reasons when it included a qualifier in the judgment that the PPS term would be reduced to conform to the total statutory maximum sentence. First, the court imposed an indeterminate PPS term in violation of OAR 213-005-0005. Second, the trial court did not follow the procedure set out in OAR 213-005-0002(4), which requires that "'the sentencing judge * * * first reduce the duration of post-prison supervision to the extent necessary to conform the total sentence length to the statutory maximum.'" 236 Or App at 255 (quoting OAR 213-005-0002(4)). Accordingly, despite the qualifying provision for a reduction of the PPS term to conform the length of the total sentence to the statutory maximum, the

sentence exceeded the statutory maximum under *State v. Stalder*, 205 Or App 126, 133, 133 P3d 920, *rev den*, 340 Or 673 (2006). *Mitchell*, 236 Or App at 255.

According to the state, the distinguishing feature of the sentence rendered in this case is the "no early release" clause, which provides that defendant's incarceration term of 60 months may not be reduced by the Department of Corrections or any other supervisory authority. The state reasons that, when considered in conjunction with the PPS reduction provision in the judgment under which defendant serves only the maximum statutory sentence, *i.e.*, 60 months, the "no early release" clause guarantees that defendant's incarceration term is 60 months, leaving defendant's actual PPS term at zero months, not the 24 months stated in the judgment. The sentence was indeterminate in *Mitchell*, the state asserts, because the length of the defendant's incarceration could be reduced under ORS 137.750.

Despite the state's attempt to distinguish *Mitchell*, the state fails to address the additional holding in that case concerning excessive sentences and the application of OAR 213-005-0002(4), a holding that controls our decision in this case. The state may be correct that the total sentence length and both the incarceration and PPS terms in this case are determinate because the incarceration term of 60 months cannot be reduced. *See Mitchell*, 236 Or App at 254-55 (where the sentence contained a provision reducing the length of the PPS term to conform the total sentence length to the statutory maximum, the total sentence length was determinate because the defendant would serve no more and no less than 60 months, despite an incarceration term of 58 months and a PPS term of 36 months).

But, we also held in *Mitchell*, consistently with *Stalder*, 205 Or App at 133, that a trial court contravenes the requirements of OAR 213-005-0002(4) and commits plain error when it imposes the standard term of PPS provided by the sentencing guidelines, which, when added to the incarceration term, results in a sentence exceeding the statutory maximum indeterminate sentence for the offense, even if the language in the judgment reduces the length of PPS actually served to conform the sentence's

total length to the statutory maximum. *Mitchell*, 236 Or App at 255. Such a sentence is excessive because OAR 213-005-0002(4) requires the sentencing judge to "reduce the duration of post-prison supervision to the extent necessary to conform the total sentence length to the statutory maximum" whenever the incarceration term together with the PPS term exceeds the statutory maximum. *Mitchell*, 236 Or App at 255. That is, in the judgment, the sentence for a conviction must state on its face an incarceration term plus a PPS term that is no longer than the statutory maximum allowed for that conviction. Thus, in *Mitchell*, the trial court "was required to impose a term of PPS that, when added to the incarceration term imposed (but not necessarily served), would equal 60 months; that is, a two-month term of PPS." *Id.* at 256. Accordingly, because the trial court here imposed a 24-month PPS term (rather than no PPS) on top of the 60-month incarceration term, the sentence in this case, like the sentences in *Mitchell* and *Stalder*, is excessive.

The state's backup argument is that any error is harmless. In light of the 12 months of PPS that defendant must serve on his conviction for attempting to elude, and the trial court's clearly announced intention that defendant serve 60 months in prison on his conviction for unlawful possession of a controlled substance, we agree with the state. We are confident that a remand would result only in the trial court's reduction of the PPS term to zero on the sentence for Count 6 and, thus, would not have the potential to improve defendant's position. Because the asserted error is harmless, we affirm. *See State v. Tremillion*, 111 Or App 375, 376, 826 P2d 95, *rev den*, 313 Or 300 (1992) (affirming, despite conceded sentencing error, when error did not affect period of imprisonment and did not result in any adverse consequences); *cf. State v. Bowen*, 220 Or App 380, 383, 185 P3d 1129, *rev den*, 345 Or 415 (2008), *cert den*, 558 US 815, 130 S Ct 52, 175 L Ed 2d 78 (2009) (affirming, because although consecutive sentences based on judicial findings were erroneous, the failure to obtain jury findings was harmless beyond a reasonable doubt).

In a supplemental brief, defendant also asserts a second challenge to the sentence on his conviction for unlawful possession of a controlled substance this time based

on the "shift to column I" rule, OAR 213-012-0020(2)(a)(B). In relevant part, the sentencing guideline governing consecutive sentences, OAR 213-012-0020, provides:

"(1)  When the sentencing judge imposes multiple sentences consecutively, the consecutive sentences shall consist of an incarceration term and a supervision term.

"(2)(a)  Subject to the provisions of subsection (b) of this section, the presumptive incarceration term of the consecutive sentences is the sum of:

"(A)  The presumptive incarceration term or the prison term defined in OAR 213-008-0005(1) imposed pursuant to a dispositional departure for the primary offense, as defined in OAR 213-003-0001(17); and

"(B)  Up to the maximum incarceration term indicated in the Criminal History I Column for each additional offense imposed consecutively."

This court recently explained the operation of the shift-to-column-I rule:

"The 'shift-to-I' rule applies when a defendant is sentenced for multiple felonies in the same proceeding. In that event, the defendant's true criminal history score is used in assessing the grid block for imposing sentence on the primary offense (and any other offenses for which sentences will run concurrently). OAR 213-012-0020(2)(a)(A). For additional offenses for which consecutive sentences will be imposed, the court is required to use the criminal history score 'I.' OAR 213-012-0020(2)(a)(B)."

*State v. Mayes*, 234 Or App 707, 709 n 1, 229 P3d 628, *rev den*, 348 Or 669 (2010). Thus, the shift-to-column-I rule does not apply to the "primary offense" but only to a secondary offense that is consecutive to the primary offense: the presumptive incarceration term of consecutive sentences is the sum of the presumptive incarceration term "for the *primary offense, as defined in OAR 213-003-0001(17)*" and "[u]p to the maximum incarceration term indicated in the Criminal History I Column for each *additional offense* imposed consecutively." OAR 213-012-0020(2)(a) (emphasis added).

The parties differ over whether defendant's conviction for felony attempting to elude, Count 1, or his

conviction for unlawful possession of a controlled substance, Count 6, was the primary offense. Defendant argues that, when the trial court imposed a 60-month durational departure sentence for Count 6, *see* OAR 213-008-0003(2) (durational departure sentence can be up to twice the maximum duration of the presumptive prison term), that sentence was consecutive to his sentence for Count 1, but the court erroneously failed to shift defendant's criminal history score to "I." On Count 6, his true criminal history score was "A" and the crime-seriousness ranking was 6. The resulting 6-A grid block provided the presumptive sentence of 25 to 30 months in prison. Had the court shifted to column I, the presumptive sentence for grid block 6-I was a three-year probationary term, OAR 213-005-0008(1)(c), with only an 18-month dispositional departure term.

The state correctly identifies the problem with defendant's argument: defendant wrongly assumes that the chronological order in which the trial court imposed sentences on each conviction controls which is the "primary offense" for purposes of the sentencing guideline governing consecutive sentences. Defendant overlooks that "primary offense" is a defined term. OAR 213-012-0020(2)(a)(A). As defined, the primary offense is "the offense of conviction with the highest crime seriousness ranking." OAR 213-003-0001(17). Defendant's conviction on Count 1 has a crime-seriousness ranking of 2. OAR 213-017-0010(36). Therefore, the conviction on Count 6, which defendant acknowledges has a crime-seriousness ranking of 6, is the "primary offense" for purposes of applying the shift-to-column-I rule. The trial court did not err by refusing to apply the shift-to-column-I rule to defendant's conviction on Count 6 for unlawful possession of a controlled substance.

Affirmed.