Submitted May 19, remanded for resentencing; otherwise affirmed July 1, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DARREN MITCHELL BURT,
*Defendant-Appellant.*

Tillamook County Circuit Court
121098; A153407

353 P3d 1252

Peter Gartlan, Chief Defender, and Ernest G. Lannet, Chief Deputy Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Tookey, Judge, and Edmonds, Senior Judge.

PER CURIAM

## PER CURIAM

Defendant appeals a judgment convicting him of second-degree assault, ORS 163.175, and fourth-degree assault, ORS 163.160. On appeal, defendant raises two assignments of error. We reject without discussion his second assignment, in which he contends that the trial court erred "when it denied defendant's request that the court instruct the jury that its verdict must be unanimous." In his first assignment of error, defendant contends that the trial court plainly erred when it imposed a sentence on the second-degree assault conviction of 120 months in prison followed by 36 months of post-prison supervision (PPS), but ordered that the PPS term be reduced by the time "actually served."

According to defendant, "the term of PPS, combined with the term of incarceration, places the sentence imposed by the trial court in excess of the statutory maximum 10-year sentence for a Class B felony." *See* ORS 161.605(2) (statutory maximum sentence for Class B felony is 10 years); OAR 213-005-0002(4) ("The term of post-prison supervision, when added to the prison term, shall not exceed the statutory maximum indeterminate sentence for the crime of conviction."). Defendant also contends that the sentence is unlawfully indeterminate. *See* OAR 213-005-0005 (the judgment of conviction for each offense shall "state the length of incarceration and the length of post-prison supervision"); *State v. Stalder*, 205 Or App 126, 132, 133 P3d 920, *rev den*, 340 Or 673 (2006) (the rule requires that "a judgment of conviction state a definite sentence"). The state concedes that, under *Stalder* and *State v. Mitchell*, 236 Or App 248, 235 P3d 725 (2010), the trial court plainly erred in imposing the sentence on the second-degree assault conviction.

We agree and accept the state's concession. Furthermore, in light of the gravity of the error, the interests of the parties, and the ends of justice, we conclude that it is appropriate to exercise our discretion to remedy the error. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991); *State v. Gutierrez*, 243 Or App 285, 288, 259 P3d 951 (2011) (exercising discretion under similar circumstances).

Remanded for resentencing; otherwise affirmed.