Submitted February 24; remanded for resentencing, otherwise affirmed
March 18, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

FRANCISCO JAVIER CHAVEZ-REYES,
*Defendant-Appellant.*

Washington County Circuit Court
17CR75366; A168101

459 P3d 963

Janelle F. Wipper, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Neil F. Byl, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Colm Moore, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and James, Judge.

PER CURIAM

Remanded for resentencing; otherwise affirmed.

**PER CURIAM**

Defendant appeals a judgment of conviction for attempted second-degree assault with a firearm, ORS 163.175, ORS 161.405(2)(c); menacing, ORS 163.190; unlawful use of a weapon, ORS 166.220; and unlawful possession of a firearm, ORS 166.250.

On appeal, he raises several challenges to his convictions, which we reject without discussion. He also asserts that the trial court plainly erred when it imposed an indeterminate post-prison supervision term on his attempted assault conviction. The state concedes that error. We agree and accept that concession.

OAR 213-005-0002(4) provides that a "term of post-prison supervision, when added to the prison term, shall not exceed the statutory maximum indeterminate sentence for the crime of conviction." In this case, the crime of conviction carried a maximum indeterminate sentence of five years. ORS 161.605(3). OAR 213-005-0002(4) further provides that, "[w]hen the total duration of any sentence (prison incarceration and post-prison supervision) exceeds the statutory maximum indeterminate sentence described in ORS 161.605, the sentencing judge shall first reduce the duration of post-prison supervision to the extent necessary to conform the total sentence length to the statutory maximum." Here, the judgment provided that the post-prison supervision term was five years "minus time actually served pursuant to ORS 144.103." As the parties note, this conviction is not governed by ORS 144.103. As we explained in *State v. Stalder*, 205 Or App 126, 132-33, 133 P3d 920, *rev den*, 340 Or 673 (2006), OAR 213-005-0005 requires a sentencing court to impose determinate sentences, including the post-prison supervision term. A post-prison supervision term such as that imposed here is not determinate.

Accordingly, for the reasons set forth in *State v. Burt*, 272 Or App 171, 353 P3d 1252 (2015), we exercise our discretion to correct the error.

Remanded for resentencing; otherwise affirmed.