528 December 13, 2023 No. 653

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TIMOTHY EUGENE OARD,
*Defendant-Appellant.*

Linn County Circuit Court
21CR40025; A178026

Thomas McHill, Judge.

Submitted November 20, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Daniel C. Bennett, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Adam Holbrook, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Remanded for resentencing; otherwise affirmed.

**ORTEGA, P. J.**

Defendant appeals a judgment regarding his convictions and sentences on one count of felony fourth-degree assault, ORS 163.160, and five counts of tampering with a witness, ORS 162.285. He first argues on appeal that the trial court erred in failing to acquit him on the tampering with a witness charges because the state adduced insufficient evidence that defendant, during telephone calls he made to the victim from jail, induced or attempted to induce her to offer false testimony or unlawfully withhold testimony regarding the assault. After review of the record, we conclude that defendant did not preserve the arguments he now advances on appeal. We therefore reject his challenges to the sufficiency of the evidence without further discussion.

Defendant also argues, and the state concedes, that the trial court plainly erred in imposing sentence on the assault conviction. Fourth-degree assault is a Class C felony, for which the maximum indeterminate sentence is five years. ORS 161.605. Here, the court imposed a five-year prison sentence for the assault, as well as a two-year post-prison supervision term, which when combined, exceed the maximum indeterminate sentence for the offense. The judgment provides that the "[i]ncarceration time served and the Post Prison total combined length shall not exceed [five] years," but as we explained in *State v. Stalder*, 205 Or App 126, 133 P3d 920, *rev den*, 340 Or 673 (2006), that approach to sentencing creates an impermissibly indeterminate post-prison supervision term. Given the gravity of the error, we exercise our discretion to correct it. *See State v. Mitchell*, 236 Or App 248, 255-56, 235 P3d 725 (2010) (explaining why such an error is not harmless and exercising discretion to correct error under similar circumstances).

Remanded for resentencing; otherwise affirmed.