Argued and submitted December 5, reversed and remanded December 28, 2005

## Fang FANG,
*Respondent,*

*v.*

## Tonghai LI
## and Lirong Zhang,
*Appellants.*

## 0101-00507; A128566

125 P3d 832

Eric L. Dahlin argued the cause for appellants. On the briefs was Keliang Zhu.

Baolin Chen filed the brief for respondent.

Before Schuman, Presiding Judge, and Brewer, Chief Judge,* and Landau, Judge.

LANDAU, J.

---

* Brewer, C. J., *vice* Richardson, S. J.

**LANDAU, J.**

Defendants appeal a judgment in favor of plaintiff on his claims for fraud and rescission arising out of a dispute concerning a contract for the sale of a dry cleaning business. They assign error to the decision to grant plaintiff's motion for a directed verdict, arguing that various factual disputes precluded the court's decision. We agree and reverse and remand.

The facts pertinent to the disposition of the appeal are not in dispute. Plaintiff contracted with defendants to purchase defendants' dry cleaning business and paid approximately $20,000 down. Following the execution of the agreement, plaintiff took possession and attempted to continue the business. Plaintiff encountered problems in running the business. Eventually, he developed the belief that defendants had falsely represented the revenues that the business had been generating prior to the sale and had failed to disclose the existence of several expensive encumbrances on several pieces of dry cleaning equipment. Plaintiff filed a complaint for, among other things, fraud and asked for rescission of the sale agreement.

The case was tried to a jury. At the close of the evidence, plaintiff moved for a directed verdict. The trial court responded first by determining that a jury should not have been empaneled, given the essentially equitable nature of plaintiff's claim. The court excused the jury with its apologies. The court then decided to grant plaintiff's motion, commenting that it found, among other things, that defendant Tonghai Li's testimony was not credible, that plaintiff's conduct during the course of the transaction was understandable because he had recently immigrated to the United States and was unfamiliar with applicable regulations governing such transactions, and that plaintiff had acted reasonably in relying on defendants' representations. The court further found that, although it was "impossible to tell" from the evidence precisely how poorly the business was faring before the sale, "it appears the business was in trouble." The court then entered judgment recounting the fact that it granted plaintiff's motion for a directed verdict. The judgment ordered the

contract rescinded and awarded plaintiff the return of the $20,000 payment.

On appeal, defendants argue that the court erred in granting the directed verdict motion because "factual disputes exist regarding virtually every element of the fraud claim." Plaintiff advances two arguments in support of the judgment. First, plaintiff argues that the court, having dismissed the jury and decided the case on its facts, properly treated this case as one arising in equity and that, on *de novo* review, we should find that the court correctly found in plaintiff's favor. Second, in the alternative, plaintiff argues that "[t]he record * * * clearly supports the fact that defendants fraudulently misrepresented" the profitability of the business and that defendants failed to notify plaintiff of the existing equipment liens. According to plaintiff, defendants' testimony was "directly contradictory" to the testimony of his own witnesses.

We begin with plaintiff's argument that we need not address whether the court properly granted the directed verdict motion, because the case actually was equitable in nature. The short answer to plaintiff's contention is that, even assuming that plaintiff is correct about the trial court's intentions (an assumption that is at least debatable), the judgment that is before us on appeal is to the contrary. It expressly provides that judgment was entered on the directed verdict. As a rule, "when a written judgment and oral ruling conflict, the trial court's decision is governed by the signed [judgment], regardless of the evidence of the judge's contrary intent." *State v. Rood*, 129 Or App 422, 425-26, 879 P2d 886 (1994). The only matter properly before us is the propriety of the court's decision on the motion for a directed verdict.

We turn, then, to plaintiff's argument that, in any event, the "record below clearly supports" his version of the events. That argument, too, may be readily answered. On review of a decision of the court to grant a motion for a directed verdict, "we view the evidence in the light most favorable to [the nonmoving party] and extend to him the benefit of every reasonable inference that could be drawn from the evidence." *Harris v. Pameco Corp.*, 170 Or App 164,

166, 12 P3d 524 (2000). The court "is not to weigh conflicting evidence or evaluate credibility." *City of Medford v. Herbison,* 57 Or App 496, 500, 645 P2d 563, *rev den,* 293 Or 394 (1982). A directed verdict is appropriate only if the moving party is entitled to judgment as a matter of law. *Lindstrand v. Transamerica Title Ins. Co.,* 127 Or App 693, 695, 874 P2d 82 (1994).

In this case, plaintiff's arguments on appeal depend on a weighing of conflicting evidence and an evaluation of witness credibility. Moreover, the trial court's own explanation for its decision on the directed verdict motion makes clear that it weighed the evidence rather than evaluated whether, taking the evidence in the light most favorable to defendants, plaintiff was entitled to judgment as a matter of law. We therefore conclude that the trial court erred in granting plaintiff's motion for a directed verdict.

Reversed and remanded.