ARMSTRONG, P. J.
*535 Plaintiff appeals a judgment entered in favor of defendants that dismissed plaintiff's claims and awarded damages to defendant Kowalski on her breach-of-contract counterclaims. We write to address only plaintiff's first assignment of error; we reject his second assignment of error without discussion. In his first assignment of error, plaintiff asserts that the trial court erred in denying his motion for a directed verdict because he had *508 proven that the contract debt that formed the basis of defendant's counterclaims had been discharged in plaintiff's bankruptcy proceeding. Defendant's sole response on appeal is that plaintiff failed to preserve his first assignment of error. We conclude that plaintiff preserved his assignment of error and that the trial court erred in denying plaintiff's motion for directed verdict, in part. Accordingly, we reverse and remand the judgment on defendant's counterclaims in part and otherwise affirm.
The relevant facts are few and undisputed. Plaintiff was a building contractor who agreed with defendants to build a barn on defendants' property to serve as a horse-boarding facility and then to work at their horse-boarding facility in exchange for, among other things, free rent. From June 2009 to December 2010, defendant Kowalski made personal loans to plaintiff in the form of five separate checks.[1] On April 4, 2013, plaintiff filed a bankruptcy petition in the United States Bankruptcy Court for the District of Oregon under Chapter 7 of the Bankruptcy Code. See 11 USC §§ 701 - 784. By a check dated June 6, 2013, defendant Kowalski made an additional loan to plaintiff. And, on July 15, 2013, plaintiff obtained a discharge order in his Chapter 7 bankruptcy proceeding that discharged his debts and determined that he had no assets to distribute to his creditors.
In October 2014, plaintiff filed this action against defendants on various claims stemming from his work at their property, including building the barn. Defendant *536 Kowalski filed breach-of-contract counterclaims, seeking repayment of the money that she had lent to plaintiff. Plaintiff asserted affirmative defenses, including that "[a]ny debt owed to the defendant was discharged when the plaintiff filed for relief pursuant to Chapter 7 Bankruptcy."
The case was tried to the court. At the close of defendant's case on her counterclaims, plaintiff moved for a directed verdict, arguing that the bankruptcy discharge order, which was admitted into evidence, discharged all of the claimed debt. Plaintiff specifically argued as follows:
"[PLAINTIFF]: * * * [O]n bankruptcy, I don't think-even if somebody is not notified [of the bankruptcy proceeding], I think that-and even though I gave everybody notification, if I missed somebody, it is still covered underneath the bankruptcy.
"THE COURT: So your argument is that bankruptcy law applies to debts that are not listed on the bankruptcy petition?
"[PLAINTIFF]: That's correct.
"THE COURT: That's an incorrect statement of the law, sir.
"[PLAINTIFF]: Well, unless it's-
"THE COURT: I am not-
"[PLAINTIFF]: -non-dischargeable. If they're dischargeable. But there are non-dischargeable debt that can be-that-
"THE COURT: Help me to understand your argument, sir. Is your argument that your debts are discharged in bankruptcy whether or not you give notice to the person to whom you owe the money?
"[PLAINTIFF]: I-I think that's what I got from the bankruptcy Court, is that if I forgot to put somebody on the list, which I-I-at the time, I-I tried to find everybody that was a creditor-that it would still be covered underneath the bankruptcy."
Defendant responded that she had not received notice of the bankruptcy, and, thus, under 11 USC section 523(a)(3), the debt had not been discharged in the bankruptcy. In making *537 that argument, defendant agreed that the debt was not a debt that was nondischargeable. The trial court denied plaintiff's motion for a directed verdict.
At the close of trial, the trial court made specific findings and concluded that plaintiff had not proved his claims against defendants. The trial court also determined that defendant Kowalski had proved her breach-of-contract counterclaims, that the debt had not been discharged in bankruptcy because defendant did not receive notice of the bankruptcy *509 proceeding, and awarded defendant $14,956.53.
On appeal, plaintiff argues that the trial court erred because, in a no-asset Chapter 7 bankruptcy, debts covered by the bankruptcy proceeding are discharged regardless of whether the debts are scheduled in the petition and regardless of whether the creditor received notice. For his argument, plaintiff relies on two opinions from the United States Court of Appeals for the Ninth Circuit, White v. Nielsen (In re Nielsen) , 383 F.3d 922 (9th Cir 2004), and Beezley v. California Land Title Company (In re Beezley) , 994 F.2d 1433 (9th Cir. 1993). In response, defendant argues solely that plaintiff did not preserve his assignment of error for appeal, asserting that plaintiff did not "make a coherent legal argument" below.
We disagree with defendant's assessment and conclude that plaintiff did preserve his assignment of error for appeal. To preserve an argument, an appellant must "provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted." State v. Wyatt , 331 Or. 335, 343, 15 P.3d 22 (2000). Here, plaintiff moved for a directed verdict on the ground that the bankruptcy discharge order had discharged his debt to defendant. He argued that the effect of the order was to discharge all of his debt, "even if somebody is not notified." The trial court understood plaintiff's argument, having twice clarified with plaintiff that that was the legal argument that he intended to make. In his opening brief, plaintiff has added citations to two cases as support for his argument that he made below, but his argument has not *538 changed. Plaintiff preserved his argument for appeal. We thus turn to the merits of that argument.
"A Chapter 7 bankruptcy discharge releases the debtor from personal liability for her pre-bankruptcy debts." Boeing North American, Inc. v. Ybarra (In re Ybarra) , 424 F.3d 1018, 1022 (9th Cir. 2005), cert. den. , 547 U.S. 1163, 126 S.Ct. 2328, 164 L.Ed.2d 840 (2006). Under Chapter 7 of the Bankruptcy Code, except as provided in 11 USC section 523, the debtor is discharged from all debts that arose before the date a Chapter 7 petition is filed. See 11 USC § 727(b) ("Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter[.]"); Ybarra , 424 F.3d at 1022 ("the date of the order for relief" in a Chapter 7 bankruptcy is the date of filing of the bankruptcy petition).
With respect to 11 USC section 523, the Ninth Circuit has explained that, in a Chapter 7 bankruptcy, an unscheduled debt is not discharged if "the failure to schedule deprives the creditor of the opportunity to file a timely claim."[2] Beezley , 994 F.2d at 1436 (O'Scannlain, J., concurring); see also Nielsen , 383 F.3d at 926-27 (adopting J. O'Scannlain's concurrence in Beezley ). However, in a Chapter 7 proceeding in which the debtor is determined to have no assets to distribute to creditors, the bankruptcy rules permit a court to relieve creditors of the need to file a proof of claim. Nielsen , 383 F.3d at 926-27 ; see also Fed. R. Bankr. P. 2002(e). Thus, in the typical no-asset case, no date is set for *539 a creditor to file a claim, section 523(a)(3)(A) is never implicated, and, thus, the unscheduled debt remains discharged. *510 That is, " 'dischargeability is unaffected by scheduling' in a Chapter 7 no-assets, no-bar-date bankruptcy." Nielsen , 383 F.3d at 926 (quoting Beezley , 994 F.2d at 1434 ).[3]
Applying that settled Ninth Circuit case law to this case, the discharge in plaintiff's no-asset Chapter 7 bankruptcy proceeding had the effect of discharging all of his "dischargeable" debts that arose before the filing of his bankruptcy petition, regardless of whether those debts were scheduled or the creditor was notified of the bankruptcy. Defendant admitted in the trial court that the debt would have been dischargeable in bankruptcy. Thus, the trial court erred in denying plaintiff's motion for a directed verdict on the basis that defendant had not received notice of the bankruptcy.
There is one final issue to resolve, however. On review of a motion for directed verdict, we view the evidence in the light most favorable to the nonmoving party-here, defendant-to determine if the moving party is entitled to judgment as a matter of law. See, e.g. , Fang v. Li , 203 Or. App. 481, 484-85, 125 P.3d 832 (2005). In that light, the loan that defendant made to plaintiff by check on June 6, 2013, was not discharged in plaintiff's bankruptcy because it arose after plaintiff filed his Chapter 7 bankruptcy petition. See Ybarra , 424 F.3d at 1022. Thus, the trial court did not err in denying plaintiff's motion for directed verdict with respect *540 to that loan. The remaining loans, however, were covered by the bankruptcy discharge. Accordingly, we reverse and remand the judgment on defendants' counterclaims in part and otherwise affirm.
Judgment on counterclaims reversed and remanded in part; otherwise affirmed.

Defendant Kowalski also loaned money to plaintiff by check on June 4, 2008. The trial court dismissed that part of defendant's counterclaims as barred by the statute of limitation. No party has challenged that aspect of the court's judgment.

11 USC section 523(a) provides:
"A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt-
"* * * * *
"(3) neither listed nor scheduled under section 521(a)(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit-
"(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or
"(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request[.]"

There is a split among the United States Circuit Courts of Appeals regarding whether an unscheduled debt is automatically discharged in a no-asset Chapter 7 bankruptcy (the "mechanical" approach), or whether the court must consider equitable principles to determine if the debt should be discharged (the "equitable" approach). See In re Mohammed , 536 B.R. 351, 357-58 (Bankr. E.D.N.Y. 2015) (discussing the approaches and listing cases adopting each approach). The Third, Sixth, Ninth, and Tenth Circuit Courts of Appeals have adopted the mechanical approach. The First, Fifth, Seventh, and Eleventh Circuit Courts of Appeals have adopted variations of an equitable approach.
Because plaintiff obtained his bankruptcy discharge in the District of Oregon, we conclude that it is appropriate to follow Ninth Circuit case law to determine if the debt at issue here was automatically discharged by that order. See Pavelich v. McCormick, Barstow, Sheppard, Wayte & Carruth LLP (In re Pavelich) , 229 B.R. 777, 783 (BAP 9th Cir. 1999) ("The issuance of the bankruptcy discharge is a matter within exclusive federal jurisdiction. A state court that does not honor a bankruptcy discharge is, in effect, not honoring a federal judgment.").