No. 843        September 24, 2025        635

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Edward McABOY,
*Plaintiff-Appellant,*

*v.*

INTEL CORPORATION
and Brian Lemme,
*Defendants-Respondents.*

Multnomah County Circuit Court
21CV45802; A183853

Adrian L. Brown, Judge.

Submitted July 23, 2025.

Edward McAboy filed the briefs *pro se*.

Anthony Copple, Sarah J. Ryan and Jackson Lewis, P. C. filed the brief for respondents.

Before Kamins, Presiding Judge, Jacquot, Judge, and Armstrong, Senior Judge.

JACQUOT, J.

Affirmed.

**JACQUOT, J.**

Plaintiff, appearing *pro se*, appeals a judgment in favor of defendants, his former employer and supervisor, on his claims for race discrimination, hostile work environment, retaliation, and aiding and abetting discrimination. We understand plaintiff to raise six assignments of error. First, plaintiff argues that the trial court erred by barring him from testifying regarding his noneconomic damages due to a discovery violation sanction. Second, he assigns error to the trial court's failure to determine that certain witnesses were not credible. Third, he argues that a witness committed perjury due to inconsistent testimony and that the court should have taken action. Fourth, plaintiff "assigns as error the trial court's avoidance to identify discrimination or discriminatory practices." Fifth, he alleges prejudice by the trial court against him in violation of the Oregon Code of Judicial Conduct (OCJC). Finally, he assigns as error the trial court's failure to find a difference in treatment between plaintiff and other employees in a similar position. We affirm.

Plaintiff was placed on a corrective action plan and ultimately terminated from his employment by defendants, and he brought this lawsuit, *pro se*, alleging racial discrimination. In a bench trial, following plaintiff's case-in-chief, defendants moved for a directed verdict,[1] which the trial court granted as to the hostile work environment and retaliation claims, but it allowed plaintiff's discrimination and aiding and abetting claims to proceed. Following plaintiff's rebuttal case, defendants again moved for a directed

_____

[1] At trial, defendants moved for a directed verdict under ORCP 60 and for involuntary dismissal under ORCP 54. In a bench trial, ORCP 54 is the correct rule. *Oregon Psychiatric Partners v. Henry*, 293 Or App 471, 473 n 2, 429 P3d 399 (2018) ("In a bench trial, a defendant's motion for directed verdict is better understood as an ORCP 54 B(2) motion for involuntary dismissal on the ground that upon the facts and the law the plaintiff has shown no ground for relief." (Internal quotation marks omitted).). However, a "court may grant a motion under ORCP 54 B(2) on either of two grounds: (1) The plaintiff has failed to present a *prima facie* case (the directed verdict standard); or (2) even if the plaintiff has presented a *prima facie* case, the court, as trier of fact, is unpersuaded by the plaintiff's evidence." *Id.* (internal quotation marks and emphases omitted). Although during the trial the court and the parties referred to a "directed verdict," we understand the court to be referencing the first prong of the ORCP 54 B(2) standard, and, with that understanding, we continue to use the directed verdict terminology as the court and parties did at trial.

verdict, which the trial court granted and dismissed the remaining claims. The court determined that the evidence was legally insufficient to show that race was a substantial factor in the discipline or termination of plaintiff, meaning that there was insufficient evidence that, even if plaintiff experienced less favorable treatment, his race played a role in the adverse employment actions.

"On review of the trial court's grant of defendants' motion for a directed verdict, we view the evidence, and all reasonable inferences therefrom, in the light most favorable to the nonmoving party (in this case, plaintiff), and * * * determine whether any reasonable factfinder could find in favor of [plaintiff]." *Yoshida's Inc. v. Dunn Carney Allen Higgins & Tongue*, 272 Or App 436, 443, 356 P3d 121 (2015), *rev den*, 358 Or 794 (2016). A directed verdict is appropriate only if the moving party is entitled to judgment as a matter of law. *Hernandez-Nolt v. Washington County*, 283 Or App 633, 634, 391 P3d 923, *rev den*, 361 Or 543 (2017).

In his first assignment of error, plaintiff appears to challenge two separate determinations by the trial court. First, he challenges the trial court's interpretation of an order for sanctions imposed by the motions court. Second, he challenges the trial court's determination that he could not admit medical records from the time period after his termination.

Despite any error made by the trial court, we may reverse its decision only if the error substantially affected the rights of a party. *See* ORS 19.415(2) ("No judgment shall be reversed or modified except for error substantially affecting the rights of a party."). That means that if the error did not affect the outcome of the proceedings, we cannot disturb the outcome.

In this case, even if the trial court erred in either of those determinations, we could not reverse on that basis. Both decisions that plaintiff challenges pertain to damages, which is a different consideration than liability. The court found that defendants were not liable based on a lack of evidence that race was a substantial factor in plaintiff's discipline or termination. Liability had to be established

before the court could consider what damages plaintiff suffered. The order for sanctions limited plaintiff's ability to testify regarding his noneconomic damages. The medical records plaintiff wished to offer from the time period after plaintiff's termination were relevant to the damages he suffered. Because the court found no liability based on a lack of evidence that race was a substantial factor in his discipline or termination, it did not reach the issue of damages. Therefore, even if the trial court erred in the decisions identified by plaintiff, that error did not affect the outcome of the proceedings, and we cannot reverse on that basis.[2]

In his second assignment of error, plaintiff argues that "[t]he court ignored [witnesses'] inconsistent statements and unreasonable expectations of [plaintiff]." We understand this challenge to be to the trial court's witness credibility determinations. However, the trial court did not base its decision on witness credibility determinations. The trial court granted a motion for directed verdict. Under that standard, the trial court did not "weigh conflicting evidence or evaluate credibility." [3] *Fang v. Li*, 203 Or App 481, 485, 125 P3d 832 (2005).

Because this case was decided on a motion for directed verdict, the court viewed all admitted evidence, and all reasonable inferences that could be drawn from that evidence, in the light most favorable to plaintiff. In other words, the court considered all of the evidence, identified which pieces of evidence could possibly support plaintiff's position, and then looked at that supportive evidence in the most beneficial light to plaintiff. Viewing the evidence that way, the court determined that there was not enough evidence to show that plaintiff's race was a substantial factor in any adverse treatment.

There is no reason to believe the trial court misunderstood or failed to follow that standard. The trial court

---

[2] The statutory authorities that plaintiff provides to support his position are inapplicable: ORS 183.470 pertains to agency decisions, and ORS 137.172(1) pertains to criminal proceedings.

[3] Given that the trial court stated it was applying the directed verdict standard, we understand the court to have ruled based on the first ORCP 54 B(2) ground, which uses that same standard. Thus, the court would not have made factual findings or evaluated credibility when it applied that standard.

determined that—regardless of the believability of witnesses that plaintiff argues are not credible—there was not enough affirmative evidence to show that race was a substantial factor in the adverse employment actions. The court explained that it researched whether credibility issues were an "appropriate consideration of the court in a directed verdict motion" and determined that it

"is not to weigh the conflicting evidence or evaluate credibility when looking at a directed verdict motion.

"Indeed, the whole point of the directed verdict motion is just to consider whether or not there's any evidence, whether or not it has credibility issues or conflicts with other evidence, the question is whether or not there's any evidence.

"And the directed verdict standard under Oregon law provides that it's appropriate when there is no evidence from which a jury could find, or a fact finder here, the judge, could find facts necessary to establish each element of the claim.

"And that's where the Court lands * * *."

Thus, we cannot reverse on plaintiff's second assignment of error.

In his third assignment of error, plaintiff points to a variety of statements made by a witness that he identifies as inconsistent and argues that the witness committed perjury or false swearing under ORS 162.065(1). Perjury is a criminal matter in which charges must be brought against a person by the state. This is a civil case that does not involve a prosecution for perjury or false swearing, and thus ORS 162.065(1) and plaintiff's arguments regarding it are inapplicable in this circumstance.

In his fourth assignment of error, we understand plaintiff to generally challenge the trial court's directed verdict ruling. As noted above, "we view the evidence, and all reasonable inferences therefrom, in the light most favorable to [plaintiff], and * * * determine whether any reasonable factfinder could find in favor of the nonmoving party." *Yoshida's Inc.*, 272 Or App at 443. A directed verdict is appropriate only if the moving party is entitled to

judgment as a matter of law. *Hernandez-Nolt*, 283 Or App at 634. In resolving a discrimination claim, we "ask whether the trier of fact reasonably could infer that the defendant discriminated against the plaintiff in the terms or conditions of work because of the plaintiff's * * * race." *Durham v. City of Portland*, 181 Or App 409, 421-22, 45 P3d 998 (2002). "If that inference may reasonably be drawn, then the claim should be submitted to the trier of fact." *Id.* The plaintiff must prove that race was a "substantial factor" in the motivation for the adverse employment action, meaning that it was "a factor that made a difference" in the decision. *Estes v. Lewis and Clark College*, 152 Or App 372, 381, 954 P2d 792, *rev den*, 327 Or 583 (1998).

Plaintiff provides an overview of the facts he presented to the trial court to support his position. He points to examples of his positive work performance to argue that another employee should not have been placed in a new role over him, and his supervisor "heavily skewed the rating of my performance based on the few jobs I could not complete." Plaintiff alleges that his supervisor called him a "dumb ass," stated that "people from Alabama are not the smartest" knowing that plaintiff was the only employee from Alabama, told plaintiff to "lighten" his voice, called plaintiff a "second-rate engineer," and stated that he "listen[s] to rap music, too." Plaintiff further alleges a variety of incidents in which employees of other races were treated differently and more favorably than he was. Plaintiff also points to the use of the term "Master/Slave" on the engineering control systems, which management did not change upon his request, and graffiti on a men's bathroom stall reading "Dindu Nuffin." The trial court heard the evidence and acknowledged that plaintiff experienced difficulty and stress but explained that there was not sufficient "evidence under the law of race being a substantial factor" in the adverse employment actions against plaintiff, as is required to establish a *prima facie* case for discrimination.

Granting plaintiff the benefit of the inferences he argues for, we conclude that no evidence was presented at trial to give rise to a reasonable inference that race was a substantial factor in the adverse employment actions

against plaintiff. There is insufficient evidence that plaintiff's *race* was a substantial factor in any alleged unfair or disparate treatment, as is required to establish a race discrimination claim. There is also no evidence that the use of the engineering term "Master/Slave" on the control systems and the graffiti in the bathroom, nor plaintiff's complaints about them, played a role in plaintiff's discipline or termination. Even if we could infer that some members of defendant's staff were racially insensitive or offensive, including plaintiff's manager, there is insufficient evidence to draw an inference that plaintiff's manager or others in charge of the employment decisions used plaintiff's race as a substantial factor in disciplining or terminating him. Therefore, the trial court did not err in granting the directed verdict.

In his fifth assignment of error, plaintiff points to Oregon Code of Judicial Conduct (OCJC) Rule 3.3 to argue that the trial court was biased against him. The Commission on Judicial Fitness and Disability, rather than the Court of Appeals, has the authority to receive and investigate complaints regarding compliance with the OCJC. ORS 1.420.

Plaintiff also argues that the trial court erred by allowing a witness to testify remotely under ORS 45.400 without defendant having moved for remote testimony and plaintiff having not received written notice at least 30 days before the hearing at which the testimony would be offered. However, the witness testified via live video, and plaintiff was able to cross-examine the witness. The witness had been available for earlier trial dates but because the trial was extended, she was not able to attend in person on the later dates. *See* ORS 45.400(3)(a) ("[T]he court may allow remote location testimony under this section upon a showing of good cause by the moving party, unless the court determines that the use of remote location testimony would result in prejudice to the nonmoving party and that prejudice outweighs the good cause for allowing the remote location testimony."). It is unclear what, if any, prejudice plaintiff experienced due to the witness's remote testimony. Plaintiff's argument does not provide grounds for reversal.

Finally, plaintiff argues that the trial court improperly weighed evidence regarding his treatment as compared

to two other employees. As explained above, there is no reason to believe that the trial court based its directed verdict decision on weighing of evidence. *See Fang*, 203 Or App at 185 (in evaluating a motion for a directed verdict, we do not "weigh conflicting evidence or evaluate credibility"). Accordingly, we cannot reverse on this assignment of error.

Affirmed.